J-S15028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM DICKS, | : | |
| | : | No. 774 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order February 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001238-2008

BEFORE: STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 24, 2018**

Appellant William Dicks appeals from the Order entered by the Philadelphia County Court of Common Pleas dismissing his Petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA"). After careful review, we affirm.

In August 2006, the Commonwealth charged Appellant with one count of Rape and twelve related sexual offenses in connection with his abuse of his then-girlfriend's six-year-old daughter. On January 8, 2013, Appellant entered a negotiated plea of *nolo contendre* to one count of Indecent Assault of a Person Less than Thirteen Years Old, 18 Pa.C.S. § 3126(a)(7), and one count of Corruption of Minors, 18 Pa.C.S. § 6301(a)(1). In exchange, the Commonwealth *nolle prossed* the remaining eleven charges. The court sentenced Appellant that same day to the negotiated term of two to four years'

incarceration on the Indecent Assault charge, followed by a term of five years' probation on the Corruption of Minors charge, and ordered that Appellant receive credit for time served.[1]   Appellant did not file a post-sentence motion or a direct appeal.

On August 5, 2013, Appellant filed a timely *pro se* PCRA Petition alleging ineffective assistance of counsel, stating that counsel failed to investigate adequately exculpatory DNA and alibi evidence, which ultimately caused Appellant to enter an involuntary no-contest plea.[2]   He also contended that he entered the *nolo contendre* plea because he thought that with credit for time served, he would be released that day.   The court appointed PCRA counsel, who filed a **Turner**/**Finley**[3] letter on May 24, 2016.

After the PCRA court issued a Pa.R.Crim.P. 907 Notice based on the **Turner**/**Finley** letter, Appellant objected, disputing the adequacy of PCRA counsel's review of Appellant's claims, and raising additional issues, *i.e.*, (1) plea counsel was ineffective for failing to file a post-sentence motion to withdraw his plea and a direct appeal as requested; and (2) Appellant had not received proper credit for time served.   PCRA counsel responded to Appellant's

_____

[1] The court indicated on its Order of Sentence that the credit for time served was to be calculated by the prison system.

[2] The Commonwealth notes that trial counsel stated at the plea hearing, "DNA testing was one" and "was inconclusive."  **See** Commonwealth's Letter Brief, dated 12/7/16, at 3 (citing N.T., 1/8/13, at 12-13).

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

objections, and subsequently filed an Amended Petition requesting a hearing on Appellant's claim that he had asked plea counsel to file a post-sentence motion and a direct appeal, in addition to the ineffective assistance of plea counsel issues pertaining to the DNA and alleged alibi evidence.

After several continuances, the PCRA court conducted an evidentiary hearing on February 3, 2017, at which PCRA counsel represented Appellant. Appellant appeared via video from prison. Plea counsel testified that Appellant untimely requested that plea counsel try to withdraw the *nolo contendre* plea. Counsel also testified that Appellant never requested that plea counsel file a direct appeal. Further, plea counsel testified regarding Appellant's claims pertaining to the DNA evidence and Appellant's alibi, noting that neither would have been exculpatory if they had gone to trial.

Appellant testified that he had left a voicemail for plea counsel to withdraw his plea and sent a letter. Appellant did not proffer a copy of the letter.

Following the hearing, the PCRA court dismissed Appellant's Amended PCRA Petition, concluding that (1) Appellant failed to meet his burden of proving that he had timely asked counsel to file a post-sentence motion to withdraw his plea and a direct appeal; and (2) plea counsel had investigated

the DNA and alibi evidence prior to Appellant's entry of the *nolo contendre* plea.[4]

Appellant timely appealed. Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant raised the following issue in his counseled Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal:

> [The trial c]ourt erred by denying [Appellant's] Amended PCRA Petition because the evidence adduced at the hearing on this matter established that he timely and repeatedly asked his prior counsel to withdraw his guilty plea and to otherwise pursue a direct appeal if necessary.

Appellant's Pa.R.A.P. 1925(b) Statement, filed May 27, 2017.

Appellant's counsel subsequently filed a ***Turner***/***Finley*** letter brief and a Petition to Withdraw with this Court. In response, Appellant filed a *pro se* Brief, raising the following question for our consideration:

> Whether [PCRA] counsel rendered ineffective assistance of counsel during his respective tenure of representation for the filing of a ***Turner***/***Finley*** "no-merit" brief during appellate proceedings?

Appellant's Brief at 4 (unnecessary capitalization omitted; misspellings corrected). Although the sole issue stated in Appellant's Brief's Statement of Questions Involved is a challenge to the fact that appellate PCRA counsel filed a ***Turner***/***Finley*** "no merit" brief with this Court, Appellant's *pro se* Brief is

---

[4] The court also stated: "The bottom line I believe here to Mr. Dicks' complaint is that he didn't get immediate parole, not that he didn't understand the nature of his no contest plea, or that he felt coerced in some way by [plea counsel]." N.T. Hearing, 2/3/17, at 40.

comprised of an amalgamation of boilerplate law and disjointed, summary statements that essentially challenge the PCRA court's failure to find that plea counsel provided ineffective assistance.[5]

Before we address the potential merit of Appellant's claims, we must determine if counsel has complied with the technical requirements of **Turner** and **Finley**.

> **Turner**/**Finley** counsel must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw

_____

[5] Because Appellant complained about PCRA counsel's assistance in response to the PCRA court's initial Rule 907 Notice, we will address Appellant's challenge to PCRA counsel's stewardship generally raised in response to counsel's **Turner**-**Finley** letter brief filed in this Court. **Commonwealth v. Pitts**, 981 A.2d 875, 879 n.3 (Pa. 2009).

and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Here, counsel indicated that he had reviewed the case, discussed the issue about which the trial court granted a hearing, *i.e.*, whether plea counsel failed to file a post-sentence motion or an appeal, and explained why it lacked merit. He also forwarded a copy of the Motion to Appellant and advised him of his relevant rights. Accordingly, we are satisfied that counsel has substantially complied with the technical requirements of *Turner* and *Finley*. Thus, we will review the merits of the issue addressed in the *Turner*/*Finley* letter, as well as the "arguments" raised by Appellant in his *pro se* Brief.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 18 A.3d

244, 259 (2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Id*.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003) (citation omitted). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

With respect to Appellant's assertion that plea counsel provided ineffective assistance by not filing a petition to withdraw his guilty plea or a direct appeal, we note that the Honorable Susan I. Schulman, sitting as the PCRA court, addresses this claim in a comprehensive, thorough, and well-reasoned opinion, citing to the record and relevant case law. After careful review of the parties' arguments and the record, we conclude the record supports the PCRA's court's determination. Discerning no abuse of discretion or error of law, we adopt the reasoning and analysis of the PCRA court, and

affirm its denial of relief. **See** PCRA Ct. Op, dated July 24, 2017, at 8-9 (concluding Appellant's testimony was "unconvincing" and Appellant presented no evidence that he requested a direct appeal; noting that Appellant's request to file a motion to withdraw his *nolo contendre* plea sent to counsel was untimely; and finding counsel's testimony that he would have filed a motion to withdraw if he had received a timely request to be credible.).[6]

In his complaint of PCRA counsel's assistance, Appellant's sole argument in his Brief is that PCRA counsel should have requested a continuance of the hearing to give Appellant time to prepare to address the "new issues of fact raised in [the] amended Counseled [PCRA] petition[.]" Appellant's Brief at 16. Appellant bases this claim on an assertion that he was surprised by the hearing date so he had not brought the letters showing he had asked plea counsel to file a post-sentence motion and a direct appeal from his cell to the video conference room. This claim merits no relief. **Id**. at 12.

---

[6] Appellant attempts to argue in his Brief that the PCRA court erred in concluding that plea counsel provided effective assistance with respect to investigating and considering DNA and alibi evidence. Our review of the record supports the PCRA court's determination. The PCRA court thoroughly addressed the issue with citation to, and analysis of, relevant authority as applied to the facts of the case. Accordingly, we adopt that reasoning as our own. **See** PCRA Ct. Op., at 10-15 (observing, *inter alia*, that counsel reasonably investigated the evidence, and concluding that Appellant was "'very aware' of his potential alibi defense and the inconclusive DNA testing, yet pleaded no contest and expressed satisfaction with his counsel despite these potential defenses." (*quoting* N.T. Plea, 1/8/13, at 19-20)).

Our review of the docket indicates that after counsel initially filed his *Turner*-*Finley* letter with the PCRA court, and the court filed its Rule 907 Notice on May 25, 2016, the court granted two continuances to Appellant— one on July 13, 2016, and another on September 6, 2016—so that Appellant could prepare to present the issue regarding plea counsel's failure to seek post-sentence relief or a direct appeal. *See* CCP Docket. Having found the issue of whether plea counsel failed to file requested post-sentence documents to have merit, PCRA counsel filed Appellant's Amended PCRA Petition on October 7, 2016. The court scheduled a hearing, but on December 9, 2016, the court granted a joint request for a continuance so that the evidentiary hearing could occur with Appellant's attendance from prison via video. On December 14, 2016, the court scheduled the video hearing. The hearing occurred on February 3, 2017.

Thus, from the time Appellant first raised the issue until the video hearing, Appellant had over nine months to prepare. We conclude that the issue underlying his complaint about PCRA counsel's failure to ask for a continuance is without merit. Accordingly, we conclude Appellant's ineffective assistance of PCRA counsel claim warrants no relief.[7]

---

[7] Appellant's Brief contains an attempt to challenge his sentence. *See* Appellant's Brief at 14. We conclude that this claim is waived because it is undeveloped. *See* Pa.R.A.P. 2119 (regarding required content of developed argument); *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t

Order affirmed. Petition to Withdraw granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/18

_____

is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").